# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS GOMEZ, | CASE NO. 08cv2267 DMS (PCL) |
| Petitioner, | **ORDER (1) ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND (2) DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| LARRY SMALL, Warden, | |
| Respondent. | |

On November 24, 2008, Petitioner Louis Gomez ("Petitioner"), a state prisoner, filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254, challenging the Board of Parole Hearings' (the "Board") denial of parole. (Doc. 1.) Pursuant to Local Rule 72.1(c)(1)( c), Magistrate Judge Peter C. Lewis issued a Report and Recommendation ("R&R") on October 30, 2009, recommending that the Petition be denied. On November 10, 2009, Petitioner filed an Objection to the R&R. Since the objection, the Ninth Circuit issued a decision in *Hayward v. Marshall*, 603 F. 3d 546 (9th Cir. 2010) (*en banc*), establishing the proper inquiry of a federal court reviewing a habeas petition challenging a denial of parole. After reviewing the *Hayward* decision, and having reviewed *de novo* the Magistrate Judge's Report and Recommendation, the Court adopts the recommendation and denies the

Petition.

# I.

# BACKGROUND

**A.    Statement of Facts**

Petitioner is a state prisoner at Calipatria State Prison. Following his conviction for second degree murder, he began serving his 15 years to life sentence on July 26, 1983. On April 24, 1995, Petitioner received an additional six year sentence for violating California Penal Code Section 4501, assault upon another prisoner with the use of a weapon likely to produce great bodily injury. While in prison, Petitioner stipulated twice to a one-year denial of parole. On January 12, 2006, the Board denied Petitioner's request for parole following a hearing.

On October 30, 2006, Petitioner filed a petition for writ of habeas corpus alleging several due process violations. The Superior Court of Los Angeles County denied the petition on May 17, 2007. On August 16, 2007, Petitioner filed another petition in the California Court of Appeal, Second Appellate District, Division Eight. The Court of Appeal denied the petition without a written opinion on December 6, 2007. On January 17, 2008, Petitioner filed the same petition with the California Supreme Court. The Supreme Court summarily denied the petition on July 16, 2008, without a written opinion.

Petitioner filed the instant Petition for a federal writ of habeas corpus on November 24, 2008. The Petition was identical to the one filed with the California Supreme Court. The Petition raised several claims alleging: (1) disproportionate term of confinement with respect to his commitment offense in violation of Petitioner's Eighth Amendment rights[1]; (2) violation of his federal right to procedural due process with respect to his plea bargain, thereby violating *ex post facto* principles; (3) violation of his federal right to procedural due process by denial of parole based on the facts of his commitment offense; (4) violation of his federal right to procedural due process when the Board arbitrarily denied Petitioner's request for parole; (5) an unlawfully constituted Board under California law; and (6) violation of his Eighth Amendment and federal right to procedural due process due to repeated delays in scheduling subsequent parole hearings.

---

[1] The Magistrate Judge, in his discretion, interpreted Petitioner's disproportionate sentence claim to be an Eighth Amendment claim; Petitioner has not expressed any objection.

Respondent filed an Answer on April 15, 2009. (Doc. 12.) Petitioner filed a traverse on April 22, 2009. (Doc. 14.) Magistrate Judge Lewis issued an R&R recommending that the Petition be denied. Petitioner filed an Objection to the R&R, arguing that: (1) the "some evidence" the Board used to support its decision, including the Board's reliance on "unchanging factors", is unreasonable; (2) Petitioner's denial of annual parole hearings violates his due process rights because California allowed for annual parole hearings at the time Petitioner entered into his plea bargain; (3) the subsequent amendments to California Penal Code Section 3041.5(b)(2) allowing multi-year parole denials is a violation of the *ex post facto* clause; and (4) the denial of parole resulted in Petitioner serving a disproportionately long sentence in light of the fact that he was a juvenile when he was sentenced. The Court will address these objections in light of the R&R.

**B.    Legal Standard**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the instant Petition because the Petition was filed after the AEDPA's effective date. Under the AEDPA, the Court cannot grant a writ of habeas corpus with respect to any claim adjudicated on the merits unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the State court. 28 U.S.C. 2254(d).

According to the Supreme Court, Section 2254(d)(1) imposes a "highly deferential standard for evaluating state-court rulings," and "demands that state court decisions be given the benefit of the doubt." *Clark v. Murphy,* 331 F.3d 1062, 1067 (9th Cir. 2003) (citations omitted). Therefore, state court's decision is "contrary to" clearly established federal law if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts materially indistinguishable from those in a controlling case, but nonetheless reaches a different result. *Williams v. Taylor,* 529 U.S. 362, 405 (2000).

A state court's decision is an "unreasonable application of" federal law if it either: (1) correctly identifies the correct governing legal rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new

context in a way that is objectively unreasonable. *Id*. at 407.

A similar inquiry applies under Section 2254(d)(2). That portion of the statute provides for habeas relief only if the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. A federal court may not second-guess the state court's factual determination unless it determines that the court was not merely wrong, but actually unreasonable. *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004).

Lastly, a federal court reviews the last reasoned opinion issued in state proceedings if the state's highest court did not issue a reasoned opinion. *Y1st v. Nunnemaker*, 501 U.S. 797, 803 (1991). In Petitioner's case, the California Supreme Court denied his Petition without comment. The Superior Court of California, County of Los Angeles issued the last reasoned opinion on May 17, 2007. Thus, the Court will review the Superior Court's decision and determine whether it was contrary to, or involved, an unreasonable application of clearly established federal law or whether it was based on an unreasonable determination of the facts.

## II.

## DISCUSSION

**A.     Fourteenth Amendment Violations**

   **1.** *Reliance on "Some Evidence" in Denial of Parole*

The Ninth Circuit recently held that the appropriate inquiry for a federal habeas court reviewing a petition challenging a parole denial is whether "some evidence" of current dangerousness supported the Board or Governor's denial of parole. *Hayward v. Marshall,* 603 F.3d 546, 562 (9th Cir. 2010). In *Hayward*, the court reasoned that any right to release on parole has to arise from substantive state law creating a right to release. *Id*. at 555. The court then considered the California parole statute, and determined that it provided such a right. *Id*. at 561-62. Based on this understanding of California law, the Ninth Circuit stated that federal courts reviewing habeas claims challenging a denial of parole "need only decide whether the California judicial decision approving the governor's decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" *Id*. at 563; *see also Cooke v. Solis*, 606 F.3d 1206 (9th Cir. 2010) (the Ninth Circuit granted prisoner's petition after finding that there was no

evidence to reasonably support the Board's "some evidence" finding).

California courts have held that the "some evidence" requirement only permits the court to inquire whether some evidence, based upon the factors specified by statute and regulation, in the record before the Board supports the decision to deny parole. *In re Rosenkrantz*, 29 Cal. 4th 616, 658 (2002). Further, the aggravated nature of the commitment offense cannot be the sole factor in concluding that there is some evidence that the prisoner presents a current dangerousness to the public. *In re Lawrence*, 44 Cal. 4th 1181, 1214 (2008). Instead, there must be some other factor in the prisoner's pre- or post-incarceration history or current demeanor or mental state, that indicates that the nature of the prisoner's commitment offense remains probative as to whether he continues to pose a threat to public safety. *Id*.

Here, the Superior Court stated that the Board based its decision on several factors, including the commitment offense. (*See* Notice of Lodgment, Lodgment 2 at 1.) The record reflects that the offense demonstrated an "exceptionally callous disregard for human suffering." Further, the Superior Court also found that there is some evidence that the motive was inexplicable or very trivial in relation to the offense. Therefore, this fact is "more indicative of a risk of danger to society if the prisoner is released than is ordinarily present."(Lodgement 2 at 2, citing *In re Scott*, 119 Cal. App. 4th 871, 891 (2004).)

Contrary to Petitioner's objections that the 'some evidence' requirement was only based on the commitment offense, the Superior Court correctly noted that the Board also relied on Petitioner's criminal history prior to and during his incarceration to support its decision to deny parole. Petitioner sustained a conviction while in prison and received 21 disciplinary reports. Petitioner does not dispute his criminal history. Instead, he asserts that he has been discipline free for ten years and that his record, including his most recent psychological evaluations, establishes his rehabilitation and lack of current dangerousness. However, the nature of Petitioner's commitment offense and his history of serious misconduct properly serve as 'some evidence' of Petitioner's current dangerousness to the public. Thus, the Superior Court's decision was not contrary to, and it did not involve an unreasonable application of, clearly established federal law. Nor was the Superior Court's decision based on an unreasonable determination of the facts in light of the evidence presented to the Board.

**2. *Board's Reliance on Unchanging Factors in Denial of Parole***

Petitioner argues that the Board's continuing reliance on unchanging factors without establishing

- 5 -
08cv2267

a rational nexus to Petitioner's current dangerousness fails to meet due process requirements. Here, Petitioner contends the Board is relying on the "unchanging factors" of his commitment offense and his criminal record sustained pre- and post-incarceration. However, as stated previously, the Board may rely upon the aggravated circumstances of the commitment offense as a basis for denying parole so long as it is not the only factor used to determine whether there is some evidence of current dangerousness to the public. *In re Lawrence*, 44 Cal. 4th at 1214. In light of Petitioner's criminal history, the Board found that Petitioner's rehabilitation and good conduct "must be maintained for a longer time to ensure that he no longer poses a threat to public safety." (Lodgement 2 at 2.) Thus, the Board properly relied on these factors in denying Petitioner's parole.

### 3. *Violation of Plea Bargain*

Petitioner argues that under accepted contract principles, all applicable laws and ordinances in existence when the bargain was made, became a part of the plea agreement. Thus, according to Petitioner, he is entitled to the annual parole hearings that were afforded by state regulation at the time of the plea bargain. However, a change in state law does not invalidate a plea or make a plea involuntary. *Garrett v. Maggio*, 685 F.2d 158, 160 (5th Cir. 1982) (where counsel advised petitioner he would be released in ten and one-half years with good-time credits under state law, held: change in law did not invalidate the plea bargain). Here, Petitioner also fails to provide the Court with precedent that amendments to regulations, such as the 1982 amendment to California Penal Code Section 3041.5(b)(2), constitute violations of a plea bargain. Further, Petitioner does not claim that his defense attorney promised him that the law was immutable. Therefore, Petitioner's argument is without merit.

### 4. *Violation of Ex Post Facto*

Petitioner asserts that his due process rights were violated when he was denied annual parole hearings after his initial hearing. As mentioned, at the time of Petitioner's commitment offense, a prisoner was entitled to annual parole hearings. The statute was later amended to permit two-year parole denials, and amended again to permit 5-year denials. *McKissick v. Hamlet*, 2002 U.S. Dist. LEXIS 14773, 13. Petitioner contends the change in frequency of parole hearings increased his punishment because it decreases his expectancy for parole. Thus, Petitioner argues the amendments violate the *ex post facto* clause.

For criminal cases, a state law violates the *ex post facto* clause if it applies retroactively and increases the punishment attached to a prisoner's commitment offense. The Supreme Court previously addressed whether application of a 1981 amendment to California Penal Code Section 3041.5(b)(2), allowing a decrease in frequency of parole hearings, was *ex post facto*. *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499 (1995). The *Morales* court held that the amendment was not a violation of the *ex post facto* clause because it only created "the most speculative and attenuated risk of increasing the measure of punishment..." *Id*. at 514. In light of *Morales,* and contrary to Petitioner's objections, the elimination of annual parole hearings does not violate the *ex post facto* clause.

Petitioner argues that the *Morales* decision only applies to individuals convicted of multiple murders or offenses. He contends that he does not belong to the "subclass" of prisoners that the Supreme Court describes as having only a remote likelihood of being released on parole. Despite Petitioner's objections, the amendments do not violate the *ex post facto* clause as they were promulgated to relieve the Board from holding annual costly, time-consuming, and futile parole hearings. Notably, a prisoner may apply for an expedited hearing if he becomes suitable for parole during the period between hearing dates. Thus, similar to the 1981 amendment considered in *Morales*, the 1982 amendment is "a procedural change outside the purview of the ex post facto clause." *In re Jackson*, 39 Cal. 3d 464, 472 (1985). The amendment does not alter the criteria by which parole is determined. *See Machuca v. White*, 1996 U.S. App. LEXIS 26683 (finding the 1982 amendment, like the 1981 amendment, had no effect on the formal range of prison terms available for covered crimes). Therefore, Petitioner's *ex post facto* claim does not warrant habeas relief.

**B.     Eighth Amendment Violation**

**1.** *Excessive Term of Confinement for a Juvenile Offender*

Petitioner asserts that his due process rights were violated because his term of confinement has become constitutionally disproportionate to his second degree murder sentence. He argues that he has a liberty interest in receiving less severe punishment than an adult offender because Petitioner was a juvenile at the time of the commitment offense. Petitioner is correct that the Eighth Amendment's protection against cruel and unusual punishment includes sentences that are disproportionate to the crime committed. *Solem v. Helm*, 463 U.S. 277, 284 (1983). However, Petitioner does not assert that the trial

1 court imposed a disproportionate sentence. Rather, Petitioner argues that his sentence became
2 disproportionate after the Board denied his parole. (R&R 18, Obj. to R&R 22-23.) Further, Petitioner
3 offers no authority for the proposition that an Eighth Amendment violation exists based on denials of
4 parole. *Cf. Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992) (denial of parole under a statute
5 dictating discretion in parole determination does not constitute cruel and unusual punishment);
6 *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979) (a convicted person
7 has no constitutional or inherent right to be conditionally released before the expiration of a valid
8 sentence). Petitioner's argument that he may receive multi-year denials that can result in a longer
9 incarceration is speculative and without merit. Thus, Petitioner has not shown that his Eighth Amendment
10 rights were violated.

## III.

## CONCLUSION

Upon due consideration of the arguments presented in the written briefs, a review of the record, and for the reasons stated, the Court **ADOPTS** the R&R and **DENIES** the Petition for a Writ of Habeas Corpus. The Court finds no basis for a certificate of appealability. The Clerk of the Court shall enter judgement accordingly, and terminate this case.

**IT IS SO ORDERED.**

DATED: September 13, 2010

HON. DANA M. SABRAW
United States District Judge